UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DORIS ADOLPH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:24CV649 HEA |
| ) | |
| WAL-MART STORES EAST LP, et al., ) | |
| ) | |
| Defendants. ) | |

### **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion to Compel and Request for Sanctions, [Doc. No. 18]. Defendant opposes the Motion. For the reasons set forth below, the Motion is denied.

Plaintiff 's Amended Complaint alleges she was a customer at the Wal-Mart store in Farmington, Missouri on February 5, 2024. Plaintiff alleges she was struck by an automatic door which caused her to fall and break her hip.

On February 28, 2024, Plaintiff's counsel sent a letter of representation to Wal-Mart directing Wal-Mart to "preserve all materials that may be relevant to the subject matter in any way." The letter of representation told Wal-Mart that the materials sought to be preserved included any video or other imaging depicting Ms. Adolph's fall, and any incident reports prepared related to Ms. Adolph's fall."

1

Wal-Mart acknowledged this correspondence twenty-five days after Ms. Adolph's fall, on March 1, 2024.

Wal-Mart's advised Plaintiff it had taken, and would continue to take, reasonable and good faith steps to preserve the evidence relevant to the incident and proportional to the needs of this matter. These steps included: preserving video of the incident area from one hour before to one hour after the incident if the incident was captured on video.

Wal-Mart advised Plaintiff on April 4, 2024, that it did not have any video cameras that depicted the door that caused Plaintiff to fall. Plaintiff's attorney drove to the store and found four cameras in the immediate area where Plaintiff allegedly fell.

After filing this action, Plaintiff sent Interrogatories. Plaintiff claims Defendant's responses indicated it did not have any videos of Plaintiff other than what was previously produced.

Plaintiff obtained more than 50 reports from the Farmington Police Department containing photos depicting the exit door that allegedly caused Plaintiff's fall. These reports date back as far as 2020.

## Motion to Compel Standards

Trial courts have broad discretion in settling discovery disputes. *Thurman v. Am. Honda Motor Co.*, No. 22-CV-04007-WJE, 2023 WL 3692840, at *1–4 (W.D.

Mo. May 29, 2023); *Miller v. Buckner*, No. 6:21-cv-03081-MDH, 2022 WL 17585277, at *1 (W.D. Mo. Dec. 12, 2022) (citing *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 381 (8th Cir. 1992)). Federal Rule of Civil Procedure 26(b)(1) governs the scope of discovery, providing:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Federal Rule of Civil Procedure 37 provides for various motions to compel discovery, depending on the alleged failure of the other party. Applicable here, Rule 37(a)(3)(B) provides that a party seeking discovery may move for an order to compel answers or production against another party when the other party does not adequately answer interrogatories under Rule 33 or produce documents under Rule 34. The purpose of Rule 37 is to provide the mechanism by which Rules 26, 33, and 34 can be made effective. However, Rule 37 is not a blanket enforcement mechanism. *Equal Emp. Opportunity Comm'n v. Brinker Int'l Payroll Co., L.P.*, No. 4:22-CV-00820-KGB, 2024 WL 4763195, at *3 (E.D. Ark. Nov. 12, 2024).

Defendant has stated that it does not have any video of Plaintiff's fall. The mere fact Plaintiff does not believe this does not require Defendant to produce something that does not exist. Plaintiff has presented speculation on what

3

Defendant has done, but she has produced nothing to establish Defendant has willfully destroyed or secreted away video of the fall. Nothing Plaintiff presents clearly demonstrates any wrongful behavior on the part of Defendant.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel and for Sanctions, [Doc. No. 18], is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's request for fees in responding to this motion is **DENIED**.

Dated this 16th day of December, 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE